Filed 5/20/15  In re J.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | C078215 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.A., <br><br> Defendant and Appellant. | (Super. Ct. No. JD234823) |

S.A., mother of the minor, appeals from orders terminating her parental rights. (Welf. & Inst. Code, §§ 366.26, 395 [further undesignated statutory references are to the Welfare and Institutions Code].)  Mother argues the court and the Sacramento County Department of Health and Human Services (Department) failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA).  (25 U.S.C. § 1901 et seq.)  We reverse and remand with directions.

1

FACTS

In June 2014, the court ordered the two-month-old minor, J.A., detained due to mother's continued contact with father knowing of his propensity for violence. Mother is unable to care for the minor without assistance. Father has a history of anger and violence. The parents failed to engage in court-ordered services in two prior cases involving the minor's siblings and parental rights to the siblings were terminated in 2013. The detention report stated the siblings were being adopted by a paternal relative.

Father completed an ICWA-020 form (Parental Notification of Indian Status) by checking a box which stated: "I may have Indian ancestry" but did not identify a tribe. On the form, father explained: "Doesn't know -- not able to get information." The court ordered the Department to notice any federally recognized tribes and ordered father to complete an Indian Ancestry Questionnaire and return it to the Department within two days.

A July 1, 2014, declaration filed by a paralegal who has responsibility for the ICWA notice stated father's questionnaire had not been received and his tribe was unknown. The paralegal called father at three different numbers and finally left two voice messages but had no response. The paralegal sent notice to the Bureau of Indian Affairs (BIA) with what little information was available for the minor and the parents. A second declaration filed July 21, 2014, provided the return receipts and the response from the BIA. The July 23, 2014, jurisdiction/disposition report stated that notice was complete.

The July 23, 2014, report stated father declined an interview with the social worker. The report stated there were no relatives to consider for placement.

In August 2014, the court sustained the petition and took the disposition under submission. In September 2014, the court found the ICWA notice was proper and the ICWA did not apply. The court bypassed services for both parents and set a section 366.26 hearing.

2

In November 2014, the Department filed a petition for modification to place the minor out of county in a relative home. The petition alleged the siblings' caretakers originally would not accept placement because a paternal aunt was seeking placement, however the paternal aunt did not follow through and the siblings' caretakers requested placement. The caretakers visited the minor and were ready to accept him. The court granted the proposed modification.

The assessment for the section 366.26 hearing stated the ICWA did not apply. The paternal aunt and uncle, M.S. and R.S., were described as anxious to have the minor placed with them. The minor was on a preplacement visit with them and was forming an attachment to them. This family was very connected to the minor's extended family.

In December 2014, the minor was placed with the paternal aunt and uncle. In January 2015, the court terminated parental rights, selecting a permanent plan of adoption for the minor.

DISCUSSION

Mother contends the court and the Department failed to comply with the inquiry and notice provisions of the ICWA. We conclude the critical flaw was in the Department's inquiry, which when remedied, may obviate the need for further notice.

The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.) The juvenile court and the Department must inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a).) If, after the petition is filed, the court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe or the BIA if the tribal affiliation is not known. (25 U.S.C. § 1912; § 224.2; Cal. Rules of Court, rule 5.481(b).) Failure to comply with the notice provisions and determine whether the ICWA applies is prejudicial

3

error.  (*In re Kahlen W.* (1991) 233 Cal.App.3d. 1414, 1424; *In re Desiree F*. (2000) 83 Cal.App.4th 460, 472.)

While some inquiry is required, the Department is not required to conduct comprehensive investigation into the minor's status or conduct genealogical research. (*In re C.Y.* (2012) 208 Cal.App.4th 34, 39; *In re S.B.* (2005) 130 Cal.App.4th 1148, 1161.)  However, if known, the Department is required to interview the minor's parents and extended family concerning the child's membership status or eligibility.  (§ 224.3, subd. (c); Cal. Rules of Court, rule 5.481(a)(4).)

Here, the Department was in contact with the paternal relatives.  One paternal aunt and uncle, who were described as "very connected" to the extended family, were in the process of adopting the minor's three full siblings and apparently another paternal aunt had expressed interest in having the minor placed with her. Although the Department knew the names and presumably the contact information for these close relatives, there is no suggestion in the record these relatives were ever asked about the father's or the minor's Indian heritage, if any.  We also note there were prior dependency cases involving the minor's full siblings.  Indian heritage must have been explored in those cases and any result would have shed light on father's current claims.  The Department's inadequate inquiry was limited to leaving messages for the father, who was known to be uncooperative, and who declined to speak to the social worker about his history.  Had the Department not been in actual contact with the paternal relatives and had prior cases for reference, these minimal efforts might have been enough, particularly in light of father's vague claim of Indian heritage.  Where sources of additional information were readily available, they were not.

Reversal is required to permit additional inquiry.  If further inquiry results in identification of a tribe or tribes which can be noticed, new notice with more complete ancestral information must then be sent.  A second notice to the BIA is unnecessary since the initial BIA response made it clear that the BIA "does not determine tribal eligibility"

4

and directed, "[w]hen additional information becomes available" it should be sent to the appropriate tribe.

## DISPOSITION

The orders terminating parental rights are reversed. The matter is remanded for the limited purpose of conducting further inquiry to determine whether father's claim of Indian heritage relates to any tribe or tribes. If, after proper inquiry, the Department determines there is no tribe to which notice can be sent, the orders shall be reinstated. If the Department's inquiry of paternal relatives discloses a tribe which can be noticed, proper notice with all known ancestral information shall be sent. Thereafter, if there is no response or if the tribe determines the minor is not an Indian child, the orders shall be reinstated. However, if the tribe determines the minor is an Indian child and the court determines the ICWA applies to this case, the juvenile court is ordered to conduct a new selection and implementation hearing in conformance with all provisions of the ICWA.

     NICHOLSON    , Acting P. J.


We concur:


     HULL     , J.


     RENNER    , J.